UNITED STATES of America ex rel. William PUTMON, Appellant,

v.

Robert J. HENDERSON, Superintendent, Auburn Correctional Facility, Auburn, New York, Appellee.

No. 972, Docket 74–2586.

United States Court of Appeals, Second Circuit.

Argued May 30, 1975.

Decided Aug. 19, 1975.

■

684

William J. Gallagher, The Legal Aid Society, New York City (Jonathan J. Silbermann, New York City, of counsel), for appellant.

Louis J. Lefkowitz, Atty. Gen. of N. Y. (Ralph McMurry, Asst. Atty. Gen., of counsel), for appellee.

Before CLARK, Associate Justice,* and MANSFIELD and HAYS, Circuit Judges.

**PER CURIAM:**

This is an appeal from a denial of an application for habeas corpus. It comes to us after a full evidentiary hearing before the United States District Court for the Western District of New York as to the competency of appellant William Putmon to plead guilty to a charge of attempted rape in Monroe County Court in New York. The plea was entered on October 19, 1971. Earlier, on August 20, 1971, Putmon had been tried and convicted by a jury in the same county court, but with a different judge presiding, on a charge of third degree burglary arising out of the same event. The day after his guilty plea, Putmon was sentenced to a term of four to twelve years on the rape charge by one state judge, and then sentenced to a term of one to four years on the burglary charge by the other judge to run concurrently with the sentence for attempted rape. In each of these cases, Putmon was represented by the same personally selected, retained counsel.

Putmon attacked each of his sentences in *pro se* post-conviction coram nobis applications in the courts of New York in June and October of 1972 and in April of 1973. Each of the successive applications was denied and after thus exhausting his state remedies, he filed this habeas corpus application to test out the validity of his guilty plea; no attack was made on the burglary conviction. On December 12, 1973, the district court denied the application without a hearing but, on subsequent appeal here, the case was remanded for an evidentiary hearing and appointment of counsel in connection therewith. *United States ex rel. Putmon v. Henderson,* No. 74–2586 (2d Cir., filed June 21, 1974).

A full hearing was held at which Putmon was represented by appointed counsel. The district court again denied the application and filed detailed findings of fact, outlining the testimony of the doctors who had examined Putmon before

* United States Supreme Court, Retired, sitting by designation.

his conviction for burglary. He further noted that Putmon had raised the competency issue at the burglary trial and had been declared competent to stand trial on August 20, 1971 by the state judge. The district court emphasized that Putmon had been represented in both cases by the same attorney. He further found that there was no claim of incompetency or any request for mental examination made at the time he pleaded guilty.

Before accepting the plea of guilty, the state judge inquired of Putmon fully and in minute detail as to the circumstances of the offense, Putmon's understanding of the consequences of the plea and the voluntariness of the same. In addition, Putmon's retained counsel was questioned concerning the same and gave definite assurance that there was no question in his mind about the propriety of the plea. The state judge, in accepting the plea of guilty to the attempted rape charge, indicated that he had access to the previous multiple psychiatric evaluations of Putmon on the burglary charge and found, without a hearing specifically on the question, that Putmon was capable of understanding the charge against him and the nature and consequences of his plea. The district court, upon remand by this court, held such a hearing and concluded that appellant was competent at the time of the guilty plea.

Appellant Putmon attacks the judgment of the district court on the ground that the district court's hearing on competency was held too many years after the date of the plea, citing *Pate v. Robinson,* 383 U.S. 375, 387, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Putmon overlooks, however, that the district court had substantial independent expert testimony, consisting of evaluations of doctors based on their contemporaneous examinations of Putmon, upon which to base its findings. Furthermore, it specifically found great significance in the fact that on August 20, 1971, Putmon "had been officially declared competent to stand trial on the burglary charge" (paragraph 6), and that he pleaded guilty to the attempted rape charge, arising from the very same occurrence, on October 19th, only some 60 days later. Putmon makes no attack on this finding. Putmon charges that this is an attempt here "to reconstruct appellant's competency three years after the relevant date," but the record here is specifically to the contrary. There was no evidence before the state trial judge which would raise substantial doubt as to appellant's competency to plead guilty, rather there was a specific finding on August 20, 1971, that Putmon "had been officially declared competent to stand trial." Putmon argues that this finding related only to his burglary trial and cannot be used with reference to the charge of attempted rape; we think such a distinction, however, is unpersuasive for the expert testimony was relevant to competency for "both purposes." Both felonies arose out of the same transaction, and both were committed on the same day. Moreover, since appellant was actually indicted for rape, the acceptance by the state judge of a plea to the lesser offense of attempted rape hardly bespeaks incompetence on the part of appellant.

It is unnecessary for us to consider the applicability of the 9th Circuit's "higher standard" for guilty pleas in *Sieling v. Eyman,* 478 F.2d 211 (9th Cir. 1973), since, under any test, there was ample evidence to support the finding that Putmon was competent to plead guilty, an issue that was not raised by appellant or his counsel by word or deed subsequently.

The judgment, is, therefore, affirmed.